UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHALMERS A. SIMPSON, JR., | |
| Plaintiff, | CIVIL ACTION NO. 1:21-CV-01613 |
| v. | |
| DEPT. OF TRANSPORTATION, et al., | (MEHALCHICK, M.J.) |
| Defendants. | |

**MEMORANDUM**

On September 20, 2021, Plaintiff Chalmers A. Simpson ("Simpson"), proceeding *pro se*, filed a civil rights action pursuant to 28 U.S.C. § 1345 and 28 U.S.C. § 1348, together with a motion for leave to proceed *in forma pauperis*. (Doc. 1; Doc. 2). On September 23, 2021, the Court ordered Simpson to show cause as to why the "three strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), should not apply here, or, alternatively, how Simpson was under imminent danger of serious physical injury at the time the instant complaint was filed. (Doc. 6). On February 7, 2022, Simpson filed a "motion to show imminent danger/serious injury," which the Court construes as his response to the order to show cause. (Doc. 13). For the reasons stated herein, the motion for leave to proceed *in forma pauperis* shall be denied. (Doc. 2).

I. **BACKGROUND AND PROCEDURAL HISTORY**

On September 20, 2021, Simpson filed the complaint and motion for leave to proceed *in forma pauperis*. (Doc. 1; Doc. 2). In the complaint, Simpson asserts that Defendants Pennsylvania Department of Transportation, Evan D. McKenna, Judge Joann L. Teyral, Tyler M. Margenson, Judge Sonya M. McNight, Todd Abromitis, Rayshawn Donald-Brown,

Amber Willis, and Jeffrey Cook committed conspiracy to cause Simpson financial loss. (Doc. 1, at 12). Additionally, Simpson alleges that Defendant McKenna violated his Fourth Amendment right against unreasonable searches and seizures. (Doc. 1, at 7 ). Simpson seeks an Order to enjoin Harrisburg Police Department from allegedly harassing and stalking Simpson, an Order to Stay suspension of Simpson's driver's license, an Order granting Simpson leave to "file the appeal which was filed on 9/14/21 with the Dauphin County Court filed 9/15/21 with Dept of Transportation," and compensatory damages from each of the Defendants. (Doc. 1, at 2).

On September 23, 2021, the Court determined that Simpson has accumulated three strikes and ordered Simpson to show cause as to why 28 U.S.C. § 1915(g) should not apply here, or, alternatively, how Simpson was under imminent danger of serious physical injury at the time the complaint was filed. (Doc. 6, at 3). On October 20, 2021, the Court granted Simpson's motion for an extension of time to respond to the Order. (Doc. 8; Doc. 9). After Simpson failed to respond to the Order, the Court denied Simpson's motion for leave to proceed *in forma pauperis*. (Doc. 10, at 2). On January 25, 2022, the Court granted Simpson's motion for reconsideration and ordered Simpson to show cause, on or before February 8, 2022, as to why 28 U.S.C. § 1915(g) should not apply here, or, alternatively, how Simpson was under imminent danger of serious physical injury at the time the complaint was filed. (Doc. 11; Doc. 12). On February 7, 2022, Simpson filed his response to the Order to show cause. (Doc. 13).

II.   **LEGAL STANDARD**

While 28 U.S.C. § 1915 authorizes litigants like Simpson to proceed *in forma pauperis*, such status is a privilege that may be denied when abused. The PLRA includes a "three

strikes" rule, "which limits a prisoner's ability to proceed [*in forma pauperis*] if the prisoner abuses the judicial system by filing frivolous actions." *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); 28 U.S.C. § 1915(g). The pertinent part of the PLRA provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g).

The Third Circuit has further described the appropriate standard for evaluating the accrual of "strikes" under 28 U.S.C. § 1915(g) as follows:

> [A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is "frivolous," "malicious," or "fails to state a claim" or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissal for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.
>
> *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013).

Even in cases where an indigent defendant is a non-prisoner, courts have found abuse of the *in forma pauperis* privilege to be grounds for revocation. *See In re McDonald*, 489 U.S. 180, 184 (1989) (denying *in forma pauperis* status to a non-prisoner who would not be deterred by the "financial considerations – filing fees and attorneys' fees – that deter other litigants from filing frivolous petitions."); *Aruanno v. Davis*, 679 F. App'x 213, 223 (3d Cir. 2017) ("the adoption of a judicial limitation in [non -prisoner's] cases mirroring the PLRA's 'three strikes' provision and including its 'imminent danger' exception, appears to be necessary to create a uniform policy"); *Elansari v. Pennsylvania*, No. 21-CV-0141, 2021 WL 288792, at *8-10 (E.D.

3

Pa. Jan. 28, 2021) (ordering petitioner with a record of abusing the *in forma pauperis* privilege to show cause as to "why he should not be subjected to an injunction in this [c]ourt preventing him from filing any new civil, non-habeas cases on an *in forma pauperis* basis"). The provision does not block an indigent litigant's access to federal courts, but instead, only denies the privilege of initiating a civil action without paying the necessary filing fee. This is especially appropriate as non-prisoner litigants "are better positioned to access the services of counsel or legal aid services if they have a meritorious claim to pursue and are unable to prepay the fees." *Elansari*, 2021 WL 288792, at *9.

To qualify for the endangerment exception of 28 U.S.C. § 1915(g), an indigent litigant must show that he "is under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). The danger must be imminent at the time the complaint is filed. *See Abdul–Akbar*, 239 F.3d at 312. "Pro se allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants." *See Prall v. Bocchini*, 421 F. App'x 143, 145 (3d Cir. 2011). However, the Court is not required to accept "allegations that are fantastic or delusional and rise to the level of the 'irrational or wholly incredible.' " *Gibbs v. Cross*, 160 F.3d 962, 966-67 (3d Cir. 1998). Further, "courts may reject 'vague' or 'conclusory' allegations as insufficient to provide a basis for IFP status." *Brown v. Lyons*, 977 F. Supp. 2d 475, 483 (E.D. Pa. 2013). "[E]ven if an alleged harm may in fact be 'impending,' it does not satisfy the exception if it does not threaten to cause 'serious physical injury.' " *Brown*, 977 F. Supp. 2d at 483 (citing 28 U.S.C. § 1915(g)).

4

III.    **DISCUSSION**

Upon considering the aforementioned legal guideposts, the Court's Order to show cause (Doc. 6) identified four prior federal actions, deemed filed by Simpson, that were dismissed with prejudice:

1. *Simpson v. Barber, et al.,* No. 1:18-CV-01075-YK (M.D. Pa. May 1, 2020) ("*Simpson I*") (dismissed for failure to state a claim);

2. *Simpson v. Thompson,* No. 1:19-CV-00971-KM, 2020 WL 954016 (M.D. Pa. Feb. 27, 2020) ("*Simpson II*") (dismissed for failure to state a claim);

3. *Simpson v. Gallagher*, No. 1:19-CV-01816-JEJ, (M.D. Pa. Nov. 26, 2019) ("*Simpson III*") (dismissed for failure to state a claim); and

4. *Simpson v. Dauphin County Housing Authority, et al.,* No. 1:16-CV-01747-CCC, 2018 WL 1050079 (M.D. Pa. Feb. 26, 2018) ("*Simpson IV*") (dismissed for failure to state a claim).

In *Simpson I*, the Court dismissed the action because Simpson's constitutional claims were barred under *Rooker-Feldman* abstention doctrine and failed to state a claim upon which relief can be granted under Rule 12(b)(6). (*Simpson I* No. 38, at 6-8; *Simpson I* No. 39). In *Simpson II*, the undersigned dismissed the action because Simpson's Confrontation Clause and malicious prosecution claims failed to state any cognizable claim pursuant to Rule 12(b)(6). (*Simpson II* No. 25, at 7-8). In *Simpson III*, the Court dismissed the action because Simpson's claims of purported violations of federal discovery rules failed to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (*Simpson III* No. 7, at 2; *Simpson III* No. 11). In *Simpson II* and *Simpson III*, the Court denied Simpson leave to amend his claims as amendment would be futile. (*Simpson II* No. 25, at 8; *Simpson III* No. 7, at 2). Lastly, in *Simpson IV*, the Court dismissed the action, arising out of a dispute with the Dauphin County Housing Authority, for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). (*Simpson IV* No. 55, at 37-38; *Simpson IV* No. 56). Upon

5

consideration of the disposition of Simpson's previous filings and the Orders previously filed by this Court, the Court finds that Simpson's four prior filings all constitute strikes for the purposes of 28 U.S.C. § 1915(g).

Upon reviewing Simpson's present complaint, it is clear that no imminent danger of serious physical injury has been credibly alleged. Simpson's claims involve past events that he has not shown are likely to reoccur. Specifically, Simpson asserts the following claims: (1) unreasonable search and seizure of his vehicle in violation of the Fourth Amendment; (2) violation of his property interest in a driver's license; and (3) suspension of his driver's license without a fair trial and due process. (Doc. 1, at 3-13). In his response to the Order to show cause, Simpson alleges that he was denied a fair trial and retaliated against for filing complaints in state court against Defendants Abromitis and Donald-Brown. (Doc. 13, at 5). In addition, Simpson claims that he was under imminent danger of serious physical injury at the time he filed the complaint because "if the courts allow PENN DOT to suspend [Simpson] of his license it will be difficult for [Simpson] to get his license back again for the following reasons," including Simpson's disabled status, necessary commute to work, and limited financial means. (Doc. 13, at 10-11). Simpson's vague and conclusory allegations are insufficient to provide a basis for *in forma pauperis* status and fail to satisfy the "imminent danger of serious physical injury" exception to the "three strikes" provision. *See Brown*, 977 F. Supp. 2d at 483.

As set forth above, the Court's investigation of Simpson's litigation history reveals that he is subject to the "three strikes" provision. *See Elansari*, 2021 WL 288792, at *9; 28 U.S.C. § 1915(g). Additionally, Simpson failed to allege that he is in "imminent" danger of serious physical injury and there are no facts set forth in Simpson's filings that he was in such a danger

at the time he filed the complaint on September 20, 2021. *See Brown*, 977 F. Supp. 2d at 483. Consequently, Simpson's motion for leave to proceed *in forma pauperis* is denied. (Doc. 2).

IV. **CONCLUSION**

Based on the foregoing, Simpson's motion for leave to proceed *in forma pauperis* (Doc. 2) is **DENIED** pursuant to the three-strikes provision of 28 U.S.C. § 1915(g). Simpson is ordered to pay the applicable filing fee in full within thirty (30) days of the date of this Order, on or before **Friday, April 1, 2022**. Failure to pay the applicable filing fee may result in the dismissal of this action.

An appropriate Order follows.

Dated: March 2, 2022                                      *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **Chief United States Magistrate Judge**